**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Angela Patton,                     ) | No. CV-11-0748-PHX-GMS |
|                                    ) |  |
|     Plaintiff, ) | **ORDER** |
|                                    ) |  |
| vs.                                ) |  |
|                                    ) |  |
| Phoenix School of Law LLC,         ) |  |
|                                    ) |  |
|     Defendant. ) |  |
|                                    ) |  |

Pending before the Court are the following motions filed by Plaintiff Angela Patton: (1) Motion for Preliminary Injunction Hearing and Motion to Expedite (Doc. 8); (2) Motion to Appoint Pro Bono Counsel (Doc. 9); (3) Motion to Allow Electronic Filing (Doc. 10); and (4) Motion for Order to Show Cause (Doc. 11). For the following reasons, Plaintiff's motions are denied.

## BACKGROUND

Plaintiff's Complaint, filed in state court, alleges the following. (Doc. 1, Ex. 4). Patton began her studies at the Phoenix School of Law in Fall 2009. After her third semester, Plaintiff was dismissed for failure to attain a cumulative G.P.A. of 2.0. According to the student handbook, Plaintiff had the right to appeal the decision, and she did so. While preparing for the appeal, Plaintiff met with a psychologist, who determined that she had severe ADHD with a moderate weakness in Verbal/Auditory Working Memory, and Non-

Verbal Visual Spatial Relations.

Plaintiff provided the psychologist's report to Defendant along with her second Petition for Reinstatement on January 21, 2011.[1] (Doc. 16, Ex. 14). Plaintiff requested that Defendant permit her to utilize the accommodations recommended in that report, including "extra time on examinations, private room to take her exam, medication, and a note taker if need arises." (Doc. 1, Ex. 4). Defendant agreed to rehear Plaintiff's request for reinstatement, in light of the new information. After reviewing this information, Defendant informed Plaintiff that her second petition for reinstatement was denied. (Doc. 16, Ex. 14).

This appears to have been Plaintiff's second dismissal from Phoenix School of Law. Defendant asserts, and Plaintiff does not deny, that she was placed on academic probation after her first semester of law school for failure to maintain a G.P.A. of at least 2.00. (Doc. 16, Ex. 8). After the second semester, Plaintiff was dismissed for the first time, again for failure to attain a cumulative G.P.A. of 2.0 while on probation. (Doc. 6; 16, Ex. 9). Plaintiff petitioned for reinstatement and explained that a loss in the family had been the source of her academic problems during her first year. (Doc. 16, Ex. 9). She was reinstated under special conditions, including that she must attain the required 2.0 cumulative G.P.A. after the fall 2010 semester (her third semester) or she would be academically dismissed. (Doc. 16). Plaintiff earned a 1.69 G.P.A. for that third semester, and therefore was academically dismissed. (Doc. 16, Ex. 12).

On January 31, 2011, Plaintiff filed a motion for a temporary restraining order and preliminary injunction in state court, requesting that Defendant be restrained from academically dismissing her from law school. (Doc. 1, Ex. 1). She alleged that although Defendant acknowledged that the evidence of an ADHD diagnosis demonstrated that she was

---

[1] Plaintiff's initial Petition for Reinstatement was submitted to the school on January 11, 2011, and stated that she was "writing to request reinstatement after being academically dismissed." (Doc. 16, Ex. 6). In that petition, she stated that her grades were due to "extenuating circumstances" involving her mother's poor health and death later in the semester.

- 2 -

1   "substantially hindered", her petition was nevertheless denied. According to Plaintiff,
2   Defendant explained that "since the Student Handbook Policy only grants one semester to
3   be removed from academic probation status, . . . defendant felt it would be 'too severe of a
4   burden' on a student who is on academic probation." (*Id.*). In other words, Defendant
5   determined, in its experience, that Plaintiff would not be able to earn a semester G.P.A. high
6   enough to attain the required cumulative G.P.A. of 2.0 in just one semester.

7   Plaintiff asserted that Defendant violated the Americans with Disabilities Act
8   ("ADA"), 42 U.S.C. § 12101 *et. seq.*, by not offering her reasonable accommodations for her
9   disability–ADHD. Plaintiff stated that she would suffer irreparable harm if Defendant was
10  permitted to dismiss her because she relies on her financial aid funds for everyday living.
11  Without her financial aid funds, Plaintiff may not be able to pay her bills, which will
12  adversely affect her credit for the next 7-10 years. The state court denied Plaintiff's Request
13  for a Temporary Restraining Order, concluding that Plaintiff's situation is "unfortunate, but
14  [the circumstances] are not of sufficient urgency to require consideration without opportunity
15  for the Defendant to be heard." (Doc. 1, Ex. 3).

16  Plaintiff subsequently filed a Complaint and Request for Preliminary Injunction. (Doc.
17  1, Ex. 4). Plaintiff again asserted that Defendant discriminated against her in violation of the
18  ADA by failing to grant her request "for reasonable accommodations that would have
19  allowed Plaintiff to continue attending [Phoenix School of Law]." (*Id.*). Plaintiff argued that
20  Phoenix School of Law was required under the ADA to engage in an interactive process with
21  Plaintiff once it was on notice of her disability. Defendant's failure to accommodate Plaintiff
22  "resulted in her being excluded, denied services, and treated differently than similarly
23  situated students without her disability." (*Id.*).

24  After this case was removed from state court, Plaintiff filed the abovementioned
25  motions. (Doc. 8–11). Plaintiff has moved for an expedited hearing on her motion for
26  preliminary injunction "so that she might be able to register for classes immediately before
27  the next session begins". (Doc. 8).

28

**DISCUSSION**

**I. Legal Standard**

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374. All four factors must be satisfied for the Court to grant a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Defendant asserts that Plaintiff is unable to establish a likelihood of success on the merits of her ADA claim, and therefore, the Court should deny the preliminary injunction. (Doc. 16). At the preliminary injunction stage, Plaintiff has the burden of proof. *Preminger v. Principi*, 422 F.3d 815, 823 n.5 (9th Cir. 2005).

**II. Likelihood of Success on Merits**

Plaintiff contends that Phoenix School of Law has discriminated against her in violation of the ADA because of her disability–ADHD. (Doc. 1, Ex. 4). To be granted a preliminary injunction, Plaintiff must show that she is likely to succeed on the merits of this claim. "The ADA prohibits discrimination by public entities against qualified individuals with a disability." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (citing 42 U.S.C. § 12131-12132). Thus, to establish a prima facie case of discrimination based upon her disability in violation of the ADA, Plaintiff must produce evidence that: (1) she is "disabled" as defined by the ADA; (2) she is qualified to remain a student at Phoenix School of Law, "meaning that [she] can meet the essential eligibility requirements of the school with or without reasonable accommodation"; (3) she "'was dismissed solely because of [her] disability'"; and (4) the school is a public entity. *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir. 1999) (quoting *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999)). If a plaintiff alleges a failure to accommodate, "part of the plaintiff's initial burden includes 'showing the existence of a reasonable accommodation.'"

1  *Zukle*, 166 F.3d at 1046 (quoting *Barnett v. U.S. Air, Inc.*, 157 F.3d 744, 749 (9th Cir. 1998)).
2  Defendant concedes that element four is met, but contends that Plaintiff has not met her
3  burden with regard to the remaining elements. (Doc. 16).

4  To make out a discrimination claim under the ADA, Plaintiff must show that
5  Defendant was aware of her disability. *See Collings v. Longview Fibre Co.*, 63 F.3d 828, 834
6  (9th Cir. 1995). Yet, Defendant could not have been aware of Plaintiff's disability–assuming
7  Plaintiff's ADHD constitutes a disability under the ADA–when it dismissed her for the
8  second time because Plaintiff was not tested for the condition until after she was dismissed.
9  (Doc. 1, Ex. 4). As for Defendant's decision to deny Plaintiff's request for reinstatement,
10 Defendant stated in its letter that "reinstatement gives a student only one semester to attain
11 a cumulative GPA of 2.0. In that one semester, [Plaintiff] would have to achieve a semester
12 GPA of at least 2.60 if [she] took 15 hours (fewer hours would require an even higher GPA).
13 That would be an increase of almost a full grade point (+0.91) over [her] last semester GPA
14 (1.69)." (Doc. 15, Ex. 1). Defendant explained that in the school's experience, that great of
15 an increase in G.P.A. constitutes too high of a burden for a student to successfully complete
16 academic probation. Thus, Defendant provided a non-discriminatory explanation for its
17 decision to deny readmission and accommodations, and Plaintiff has failed to meet her
18 burden of demonstrating that she is likely to succeed on this point.

19 Plaintiff simply asserts that Defendant did not grant her any accommodations and
20 failed to specifically explain the reason for the denial. Plaintiff also alleges that Defendant
21 has "allowed other students without an ADHD disability more than one semester to achieve
22 the cumulative grade point average necessary to be in good academic standing." (Doc. 11).
23 The only evidence before the Court that Defendant has allowed other students more than one
24 semester to improve their G.P.A. is Plaintiff's case. She was dismissed at the end of her first
25 year of law school, but was allowed to return for one semester, under certain conditions, after
26 she informed the law school that her poor performance was due to a death in the family.
27 (Doc. 16). The fact that Defendant decided to give Plaintiff consideration following the death
28 of her grandmother when Plaintiff insisted that her performance was due to that family

- 5 -

1 situation, does not establish that Defendant discriminated against her solely based on her
2 disability. Plaintiff's G.P.A. dropped considerably after her third semester, and that,
3 combined with the fact that Plaintiff was halfway through law school and still unable to
4 maintain the necessary 2.0 cumulative G.P.A., demonstrates a non-discriminatory reason for
5 denying her second petition for reinstatement on rehearing. Plaintiff has not presented any
6 evidence to suggest that Defendant's actions were a pretext for disability discrimination. *Cf.*
7 *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003) (explaining that if an employer
8 articulates a legitimate, nondiscriminatory reason for its action, the presumption of
9 intentional discrimination disappears, "but the plaintiff can still prove disparate treatment by,
10 for instance, offering evidence demonstrating that the employer's explanation is pretextual").
11 Injunctive relief shall not be granted "'unless the movant, *by a clear showing*, carries the
12 burden of persuasion'" of showing a likelihood of success on the merits. *Mazurek v.*
13 *Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. WRIGHT, A. MILLER & M. KANE,
14 FEDERAL PRACTICE AND PROCEDURE § 2948 (2d ed. 1995)). Plaintiff simply has not met that
15 burden as to her claim of discrimination based on her disability.

16 An educational institution's "failure to make reasonable modifications in policies,
17 practices, or procedures, when such modifications are necessary" to offer that institution's
18 services to a disabled individual may constitute discrimination under the ADA. 42 U.S.C. §
19 12182(b)(2)(A)(ii). In such cases, the plaintiff has the initial burden of "'showing the
20 existence of a reasonable accommodation.'" *Zukle*, 166 F.3d at 1046 (quoting *Barnett*, 157
21 F.3d at 749). If a plaintiff-student is able to meet the initial burden, then the burden shifts to
22 the educational institution. *Id.* at 1047. The school may meet its burden "by producing
23 evidence that the requested accommodations, regardless of whether they are reasonable,
24 would not enable the student to meets its academic standards." *Id.* In the alternative, the
25 institution may demonstrate that the "requested accommodations would require a
26 fundamental or substantial modification of its program or standards." *Id.* Federal courts have
27 generally extended deference to an educational institution's academic decisions in ADA
28 cases, though this deference is not "absolute." *Wong*, 192 F.3d at 817. Specifically, the Ninth

1 Circuit has held that although "the ultimate determination of whether an individual is
2 otherwise qualified must be made by the court, we will extend judicial deference 'to the
3 evaluation made by the institution itself, absent proof that its standards and its application
4 of them serve no purpose other than to deny an education to handicapped persons.'" *Zukle*,
5 166 F.3d at 1047–48 (quoting *Doe v. N.Y. Univ.*, 666 F.2d 761, 776 (2d Cir. 1981),
6 *superceded by rule in part on other grounds as recognized in Zervos v. Verizon N.Y., Inc.*,
7 252 F.3d 163, 171 n.7 (2d Cir. 2001)).

8 Under the ADA, an educational institution's "obligation to engage in an interactive
9 process with the [student] to find a reasonable accommodation is triggered by [the student]
10 giving notice of the [] disability and the desire for accommodation." *Downey v. Crowley
11 Marine Servs., Inc.*, 236 F.3d 1019, 1023 n.6 (9th Cir. 2001) (internal quotation marks
12 omitted). In *Zukle*, the Ninth Circuit reiterated that in determining the reasonableness of a
13 request for accommodations, courts may consider the timing of the request for
14 accommodations. 166 F.3d at 1051 n.16. Specifically, the fact that a request for
15 accommodations was made only after an educational institution's dismissal of a student may
16 contribute to a finding of unreasonableness. *Id.* (citing *Wynne v. Tufts Univ. Sch. of Med.*,
17 976 F.2d 791, 796 n.3 (1st Cir. 1992) (*Wynne II*) ("finding relevant to reasonableness inquiry
18 the fact that student did not ask for accommodation 'until after [the school] sent him packing
19 and adversary proceedings were underway'")).

20 Plaintiff relies on *Singh v. George Washington Univ. Sch. of Med. & Health*, 508 F.3d
21 1097 (D.C. Cir. 2007), to argue that so long as Defendant was still "in a position to respond",
22 its failure to accommodate her constitutes a violation of the ADA. (Doc. 1, Ex. 5). She asserts
23 that because Phoenix School of Law agreed to consider her second petition for reinstatement,
24 the school necessarily was in a "position to respond." (*Id.*). In *Singh*, the plaintiff notified the
25 university of her disability after a "faculty committee had already recommended her
26 dismissal", but before the dean of the school had dismissed her. 508 F.3d at 1105 (noting that
27 the court "need not address the case of the plaintiff who, once ousted on terms applicable to
28 a non-disabled person, knocks on the door anew to seek reinstatement under the ADA").

- 7 -

Thus, at the time of the student's request for accommodations, she was still an enrolled student. The facts of this case are more comparable to those in *Zukle* and *Wynne II* than those presented in *Singh*. After Plaintiff was reinstated in the summer of 2010, Defendant enrolled Plaintiff in the Academic Success Program and required her to meet with an Academic Success counselor to create "a detailed plan for academic improvement." (Doc. 16, Ex. 11). Thus, it appears that Defendant attempted to provide Plaintiff with access to additional resources and programs that would help her succeed.  Nevertheless, Plaintiff's semester G.P.A. dropped to a 1.69 after her third semester.  Plaintiff did not get tested for a disability until after she had been dismissed from Phoenix School of Law for the second time and her petition for reinstatement had been denied. The fact that Plaintiff requested accommodations only after she failed to attain the necessary G.P.A. for three semesters in a row–which, to Defendant's knowledge, Plaintiff attributed to having to deal with the deaths of several family members–and after she was dismissed a second time would support a finding of unreasonableness. Plaintiff has not demonstrated by a clear showing that she is likely to succeed on the merits of her claim that Defendant had a duty to accommodate her under these circumstances.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction Hearing and Motion to Expedite the Preliminary Injunction (Doc. 8) is **DENIED**;

2. Plaintiff's Motion to Appoint Pro Bono Counsel (Doc. 9) is **DENIED**;

3. Plaintiff's Motion to Allow Electronic Filing (Doc. 10) is **DENIED**;

4. Plaintiff's Request for Order to Show Cause (Doc. 11) is **DENIED**.[2]

DATED this 20th day of May, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

---

[2] Plaintiff filed a Request for Preliminary Injunction (Doc. 1, Ex. 4) in state court before the case was removed. The Court is ruling on that request in conjunction with the above motions.

- 8 -